MCGREGOR W. SCOTT
United States Attorney
KATHLEEN A. SERVATIUS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS ZEPEDA LOPEZ,<br><br>Defendant. | CASE NO. 1:20-MJ-00046 SAB<br><br>**THIRD STIPULATION TO CONTINUE PRELIMINARY HEARING AND TO EXTEND TIME WITHIN WHICH AN INDICTMENT OR INFORMATION MAY BE FILED; ORDER**<br><br>Date: June 4, 2020<br>Time: 2:00 p.m.<br>Honorable Sheila K. Oberto |

The United States of America, by and through MCGREGOR W. SCOTT, United States Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorney, and the defendant, by and through his attorney of record, Roger Bonakdar, hereby stipulate and agree as follows:

The defendant was charged by Criminal Complaint in the above-captioned matter on or about March 15, 2020 and arrested on March 16, 2020. He appeared that same day. The Preliminary Hearing in this matter was initially set for is set for March 30, 2020, and by stipulation, the parties agreed to continue the hearing until April 30, 2020 and then June 4, 2020.

In response to the current COVID-19 public emergency, the Centers for Disease Control and Prevention (CDC) has issued guidelines recommending against gatherings of fifty or more persons, effective March 15, 2020; on March 16, 2020, President Trump cautioned that gatherings should be limited to ten persons or fewer; the World Health Organization declared COVID-19 a global pandemic

STIPULATION TO CONTINUE PRELIMINARY HEARING     1

on March 11, 2020; President Trump declared the outbreak to constitute a national emergency on March 13, 2020; California Governor Gavin Newsom declared a state of emergency on March 4, 2020 and issued a shelter in place order on March 19, 2020.

The CDC currently recommends that people attempt to keep an appropriate distance between themselves and other people, a technique known as social distancing, which is especially important for individuals with a higher health risk, and that employers attempt to minimize exposure between employees and the public and to consider the public health and safety when scheduling group or public events; and

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice.  This General Order was entered to address public health concerns related to COVID-19.  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), an information or indictment charging an individual with the commission of an offense shall be filed within 30 days from the date on which such individual was arrested but "[i]f an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days".[2]  In addition to this automatic exclusion, the Act excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest in the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

[2] This provision should apply to grand juries that remain available but are not sitting.  The Supreme Court has referred to a grand jury being "not in session" to refer to the grand jury's "schedule," not its empanelment. *Jaben v. United States*, 381 U.S. 214, 219 (1964); *United States v. Towill*, 548 F.2d 1363, 1367 (9th Cir. 1977) ("A close reading of *Jaben* convinces us that the Court meant to equate 'session' with the current 'grand jury schedule,' not with the theoretical possibility of summoning a grand jury on short notice."). "In session," under Federal Rule of Criminal Procedure 6(d)(1), similarly refers to a particular meeting of the grand jury; thus the Rule describes the "persons who may be present while the grand jury is in session[.]" *Id.*

Under 18 U.S.C. § 3164, an additional speedy-trial requirement applies to a defendant who is (1) "being held in detention solely because he is awaiting trial" or (2) "released" but "designated by the attorney for the Government as being 'high risk.'" 18 U.S.C. § 3164(b). For such defendants, trial "shall commence not later than ninety days following the beginning of such continuous detention or designation of high risk by the attorney for the Government." *Id*. Failure to do so shall result in release from custody or "automatic review . . . of the conditions of release." *Id*. However, the "periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." *Id*. Accordingly, the ends-of-justice exclusion applies to § 3164's 90-day rule.

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 6111, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-

week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[3]  If continued, this Court should designate a new date for the preliminary hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between June 4, 2020 and July 7, 2020 for the following reasons:  defense requires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions with his/her client, to prepare pretrial motions, and to otherwise prepare for trial.  Defense investigation has been slowed by the inability to review discovery with their clients and communication has been hampered given the conditions at the jail.  The case involves several seizures, approximately 100 pages of discovery, and discovery in the form of several gigabytes of digital evidence.  The drug testing is not yet finished.  The proposed preliminary hearing date represents the earliest date that all counsel are available thereafter, taking into account counsel's schedules, defense counsel's commitments to other clients, and the need for preparation in the case and further investigation.  In addition, the public health concerns cited by General Order 611, 612, 617, and 618 and the judicial declaration of emergency and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.

---

[3] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION TO CONTINUE PRELIMINARY HEARING          4

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case. 18 U.S.C. Section 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the Preliminary Hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for preliminary hearing on June 4, 2020.

2. Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure, and taking into account the public interest in the prompt disposition of criminal cases, good cause exists to continue the preliminary hearing date to July 13, 2020.

3. Because no grand jury will likely be in session in the Eastern District of California until July 13, 2020, even if the additional 30-day extension under 18 U.S.C. § 3161(b) did not apply, a continuance should be granted because failure to grant a continuance in this matter would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, and the ends of justice served by a continuance in this case therefore outweigh the best interest of the public and defendant in a speedy trial.

4. In addition, the ends of justice served by a continuance outweigh the best interests of the defendant and the public in a speedy trial because failure to grant a continuance would:

      a)    likely result in a miscarriage of justice;

      b)    deny counsel for the defendant and the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      c)    The discovery associated with this case includes many recordings, videos, and reports and the government will provide such discovery to the defense so that counsel may commence its investigation into the charges and consult with his client;

      d)    Counsel for defendant desires additional time to review discovery and to confer with his client regarding a potential resolution of this matter.

      e)    Counsel for the parties believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, especially in light of the closing of the United States Attorney's Office due to possible exposure to COVID-19;.

      f)    In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the grand jury be required to meet or a trial be set to proceed.

5.    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

6.    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial and indictment must commence, the time period of June 4, 2020, and July 13, 2020 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial

7.    Therefore, the parties agree that time should be excluded from computation under the Speedy Trial Act under 18 U.S.C. § 3161(h)(7).

STIPULATION TO CONTINUE PRELIMINARY HEARING

6

ACCORDINGLY, the parties respectfully ask the Court to find that:

Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure, and taking into account the public interest in the prompt disposition of criminal cases, good cause exists to continue the preliminary hearing date to July 13, 2020.

Because no grand jury will be in session in the Eastern District of California for the 30-day period after the arrest of the defendant in this case, the period of time for filing of the indictment is therefore extended to pursuant to 18 U.S.C. § 3161(b), namely until July 13, 2020;

In any event, the ends of justice served by a continuance outweigh the best interests of the public and the defendant in a speedy trial, and the period of time from June 4, 2020 to and including July 13, 2020, constitutes a period of delay that shall be excluded in computing the time within which an information or an indictment must be filed and within which trial must begin pursuant to 18 U.S.C. § 3161(h)(7).

Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 29, 2020                          MCGREGOR W. SCOTT
                                             United States Attorney

                                             /s/ *Kathleen A. Servatius*
                                             KATHLEEN A. SERVATIUS
                                             Assistant United States Attorney


DATED:  May 29, 2020                         /s/*Roger Bonakdar*
                                             Roger Bonakdar
                                             Attorney for Defendant Jesus Zepeda Lopez


### ORDER

Based upon the facts set forth above, the records of this case, the representations of counsel, and the stipulation of the parties,

STIPULATION TO CONTINUE PRELIMINARY HEARING      7

IT IS THE FINDING OF THIS COURT that:

Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure, and taking into account the public interest in the prompt disposition of criminal cases, there is good cause to extend the time limit for holding a preliminary hearing until July 13, 2020.

Because no grand jury will likely be in session in the Eastern District of California for the 30-day period after the arrest of the defendant in this case, the period of time for filing of the indictment is extended to pursuant to 18 U.S.C. § 3161(b), namely until July 13, 2020.

The ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a either an indictment or a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.

IT IS HEREBY ORDERED that the preliminary hearing in this case be continued from June 4, 2020, until July 13, 2020 at 2:00 p.m.

IT IS FURTHER ORDERED THAT for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161(b) and 3164, within which an indictment must be returned and trial must commence, the time period of June 4, 2020, until July 13, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial..

IT IS SO ORDERED.

Dated:   **June 1, 2020**            /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE