1  PHILLIP A. TALBERT
United States Attorney
2  LAURA JEAN BERGER
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, CA 93721
4  Telephone: (559) 497-4000
Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
United States of America
7

8              IN THE UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,                CASE NO. 1:20-CR-00099-DAD-BAM

12                         Plaintiff,        STIPULATION REGARDING EXCLUDABLE
                                             TIME PERIODS UNDER SPEEDY TRIAL ACT;
13          v.                               AND ORDER

14  JESUS ZEPEDA LOPEZ,                      DATE: February 23, 2022
                                             TIME: 1:00 p.m.
15                         Defendant.        COURT: Hon. Barbara A. McAuliffe

16

17          This case is set for status conference on February 23, 2022. On May 13, 2020, this Court issued

18  General Order 618, which suspends all jury trials in the Eastern District of California "until further

19  notice." Under General Order 618, a judge "may exercise his or her authority to continue matters,

20  excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued

21  on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."

22  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case

23  exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of

24  counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will

25  impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous

26  General Orders were entered to address public health concerns related to COVID-19.

27          Although the General Orders and declarations of emergency address the district-wide health

28  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

"counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on February 23, 2022.

2.      By this stipulation, defendant now moves to continue the status conference until June 8, 2022, and to exclude time between February 23, 2022, and June 8, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes recorded telephone calls, approximately 500 pages of discovery, and digital discovery in the form of several gigabytes.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. The government has also provided a proposed plea agreement to counsel for defendant.

b)      Counsel for defendant desires additional time to review and copy discovery in this matter and to conduct investigation and research related to the charges and research surrounding potential defenses, to consult with his client, and to otherwise prepare for trial.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into

1    account the exercise of due diligence.

2         d)    The government does not object to the continuance.

3         e)    Based on the above-stated findings, the ends of justice served by continuing the

4    case as requested outweigh the interest of the public and the defendant in a trial within the

5    original date prescribed by the Speedy Trial Act.

6         f)    In addition to the public health concerns cited by the General Orders and

7    presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

8    this case because the defendant has not invoked speedy trial rights since the case's inception and

9    the charge the defendant faces is serious and includes a mandatory minimum sentence if the

10   defendant is convicted.

11        g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

12   et seq., within which trial must commence, the time period of February 23, 2022 to June 8, 2022,

13   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results

14   from a continuance granted by the Court at defendant's request on the basis of the Court's

15   finding that the ends of justice served by taking such action outweigh the best interest of the

16   public and the defendant in a speedy trial.

17        4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

18   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

19   must commence.

20        IT IS SO STIPULATED.

21

22   Dated:  February 16, 2022                    PHILLIP A. TALBERT
                                                  United States Attorney
23

24                                               /s/ LAURA JEAN BERGER
                                                 LAURA JEAN BERGER
25                                               Assistant United States Attorney

26
     Dated:  February 16, 2022                    /s/ ROGER BONAKDAR
27                                               ROGER BONAKDAR
                                                 Counsel for Defendant
28                                               JESUS ZEPEDA LOPEZ

## **ORDER**

IT IS SO ORDERED that the status conference is continued from February 23, 2022, to **June 8, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated: __February 16, 2022__           ___/s/ Barbara A. McAuliffe___
                                        UNITED STATES MAGISTRATE JUDGE