PHILLIP A. TALBERT
United States Attorney
LAURA JEAN BERGER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:20-CR-00099-DAD-BAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| v. | |
| JESUS ZEPEDA LOPEZ, | DATE:  June 8, 2022 |
| Defendant. | TIME:  1:00 p.m. COURT: Hon. Barbara A. McAuliffe |

This case is set for status conference on June 8, 2022.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

2  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-

3  record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such

4  failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

5  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

6  findings on the record "either orally or in writing").

7       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-

9  justice continuances are excludable only if "the judge granted such continuance on the basis of his

10  findings that the ends of justice served by taking such action outweigh the best interest of the public and

11  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable

12  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

13  the ends of justice served by the granting of such continuance outweigh the best interests of the public

14  and the defendant in a speedy trial." *Id.*

15       The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code

16  T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

17  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

18  circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

19  following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court

20  recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see*

21  *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

22  following the September 11, 2001 terrorist attacks and the resultant public emergency).

23       The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

24  proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-

25  exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

26  continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL

27  1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is

28  detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1  speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

2  population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

3  of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

4  (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

5  and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

6        In light of the foregoing, this Court should consider the following case-specific facts in finding

7  excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

8  (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United*

9  *States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

10  "specifically limited in time").

11                                    **STIPULATION**

12        Plaintiff United States of America, by and through its counsel of record, and defendant, by and

13  through defendant's counsel of record, hereby stipulate as follows:

14        1.        By previous order, this matter was set for status on June 8, 2022.

15        2.        By this stipulation, defendant now moves to continue the status conference until October

16  12, 2022, and to exclude time between June 8, 2022, and October 12, 2022, under 18 U.S.C.

17  § 3161(h)(7)(A), B(iv) [Local Code T4].

18        3.        The parties agree and stipulate, and request that the Court find the following:

19              a)        The government has represented that the discovery associated with this case

20        includes recorded telephone calls, approximately 500 pages of discovery, and digital discovery in

21        the form of several gigabytes.  All of this discovery has been either produced directly to counsel

22        and/or made available for inspection and copying. The government has also provided a proposed

23        plea agreement to counsel for defendant.

24              b)        Counsel for defendant desires additional time to review and copy discovery in this

25        matter and to conduct investigation and research related to the charges and research surrounding

26        potential defenses particularly in light of the plea agreement provided by the government, to

27        consult with his client, and to otherwise prepare for trial.

28              c)        Counsel for defendant believes that failure to grant the above-requested

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1  continuance would deny him the reasonable time necessary for effective preparation, taking into

2  account the exercise of due diligence.

3      d)    The government does not object to the continuance.

4      e)    Based on the above-stated findings, the ends of justice served by continuing the

5  case as requested outweigh the interest of the public and the defendant in a trial within the

6  original date prescribed by the Speedy Trial Act.

7      f)    In addition to the public health concerns cited by the General Orders and

8  presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

9  this case because the defendant has not invoked speedy trial rights since the case's inception and

10  the charge the defendant faces is serious and includes a mandatory minimum sentence if the

11  defendant is convicted.

12      g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

13  et seq., within which trial must commence, the time period of June 8, 2022 to October 12, 2022,

14  inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results

15  from a continuance granted by the Court at defendant's request on the basis of the Court's

16  finding that the ends of justice served by taking such action outweigh the best interest of the

17  public and the defendant in a speedy trial.

18      4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

19  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

20  must commence.

21      IT IS SO STIPULATED.

22

23  Dated:  May 27, 2022         PHILLIP A. TALBERT
        United States Attorney

24

25          /s/ LAURA JEAN BERGER
        LAURA JEAN BERGER

26          Assistant United States Attorney

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT     4

Dated:  May 27, 2022

/s/ ROGER BONAKDAR
ROGER BONAKDAR
Counsel for Defendant
JESUS ZEPEDA LOPEZ

## ORDER

IT IS SO ORDERED that the status conference is continued from June 8, 2022, to **October 12, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv). The Court intends to set a trial date at the next status conference.  If the parties do not resolve the case in advance of the next status conference, they shall be prepared to set a trial date at the status conference hearing.

IT IS SO ORDERED.

Dated:   **May 27, 2022**

/s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5