PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00099-DAD-BAM |
|---|---|
| Plaintiff, | **STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER** |
| v. | |
| JESUS ZEPEDA LOPEZ, | Date: February 8, 2023<br>Time: 1:00 p.m. |
| Defendant. | Honorable Barbara A. McAuliffe |

The United States of America, by and through PHILLIP A. TALBERT, United States Attorney, and ARIN C. HEINZ, Assistant United States Attorneys, and the defendant, by and through Mr. David Torres, his attorney of record, hereby stipulate to continue the status conference in this case from February 8, 2023 until May 10, 2023 at 1:00 p.m.

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the

STIPULATION TO CONTINUE STATUS CONFERENCE        1

basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

This Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between February 8, 2023 until May 10, 2023 for the following reasons:

1. Mr. Torres, upon appointment, has consulted with the defendant on multiple occasions. Mr. Torres requires additional time to consult with the defendant, review evidence and discovery, and ensure that the defendant receives effective representation.

2. Counsel of record for the government was recently changed as well. Further, Mr. Torres and the government have discussed possible resolutions in this case and require additional time to continue to discuss a potential plea. Counsel for both sides believe that resolution through a plea is possible in this case.

3. The proposed status conference date represents the earliest date that counsel is available thereafter, taking into account counsel's schedule and commitments to other clients, and the need for preparation in the case and further investigation.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case. 18 U.S.C. Section 3161(h)(7)(B)(iv).

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION TO CONTINUE STATUS CONFERENCE          2

Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

Dated: February 1, 2023

PHILLIP A TALBERT
United States Attorney

/s/ *Arin C. Heinz*
ARIN C. HEINZ
Assistant United States Attorney

DATED: February 1, 2023

/s/*David Torres*
DAVID TORRES
Attorney for Defendant Jesus Zepeda Lopez

## **ORDER**

IT IS HEREBY ORDERED that the status conference in this case be continued from February 8, 2023, until **May 10, 2023 at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 8, 2023 until May 10, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **February 2, 2023**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE