1  PHILLIP A. TALBERT
   United States Attorney
2  ARIN C. HEINZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT
9                       EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00099 DAD-BAM |
|---|---|
12 | Plaintiff, | **STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER** |
13 | v. | |
14 | JESUS ZEPEDA LOPEZ, | Date: May 10, 2023 Time: 1:00 p.m. |
15 | Defendant. | Honorable Barbara A. McAuliffe |

17      The United States of America, by and through PHILLIP A. TALBERT, United States Attorney,
18 and ARIN C. HEINZ, Assistant United States Attorneys, and the defendant, by and through Mr. David
19 Torres, his attorney of record, hereby stipulate to continue the status conference in this case from May
20 10, 2023 until June 14, 2023 at 1:00 p.m.
21      The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision
22 "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record
23 findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-
24 record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507.  And moreover, any such
25 failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153
26 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit
27 findings on the record "either orally or in writing").
28      Ends-of-justice continuances are excludable only if "the judge granted such continuance on the

STIPULATION TO CONTINUE STATUS CONFERENCE         1

1  basis of his findings that the ends of justice served by taking such action outweigh the best interest of the
2  public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is
3  excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or
4  finding that the ends of justice served by the granting of such continuance outweigh the best interests of
5  the public and the defendant in a speedy trial." *Id.*

6      This Court should consider the following case-specific facts in finding excludable delay
7  appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If
8  continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611
9  F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

10      The parties request that time be excluded between May 10, 2023 until June 14, 2023 for the
11  following reasons:

12      1.  The parties have attempted to resolve this case through a plea. Mr. Torres has a meeting
13          with his client on Friday, May 5, 2023 to discuss the terms of the plea agreement and
14          potentially filing a motion to suppress. Mr. Torres requires additional time to consult with
15          the defendant about the plea and potential motion to ensure that the defendant receives
16          effective representation.

17      2.  The parties require additional time to continue to discuss a potential plea. Counsel for
18          both sides believe that resolution through a plea is possible in this case. Thus, the defense
19          is asking for a short continuance to allow Mr. Torres to meet with his client and discuss
20          with government counsel.

21      3.  The proposed status conference date represents the earliest date that counsel is available
22          thereafter, taking into account counsel's schedule and commitments to other clients, and
23          the need for preparation in the case and further investigation.

24      The parties further believe that time should be excluded, in that failure to grant the requested
25  case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny
26  both the defendants and the government the reasonable time necessary for effective preparation, taking
27  into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).
28  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the

STIPULATION TO CONTINUE STATUS CONFERENCE      2

interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

| | |
|---|---|
| Dated: May 10, 2023 | PHILLIP A TALBERT<br>United States Attorney<br><br>/s/ *Arin C. Heinz*<br>ARIN C. HEINZ<br>Assistant United States Attorney |
| DATED: May 10, 2023 | /s/*David Torres*<br>DAVID TORRES<br>Attorney for Defendant Jesus Zepeda Lopez |

## **ORDER**

IT IS HEREBY ORDERED that the status conference in this case be continued from May 10, 2023, until **June 14, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.**

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 10, 2023 until June 14, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **May 3, 2023**                         /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

STIPULATION TO CONTINUE STATUS CONFERENCE     3