1  PHILLIP A. TALBERT
   United States Attorney
2  ARIN C. HEINZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:20-CR-00099 DAD-BAM

12                       Plaintiff,        STIPULATION TO CONTINUE STATUS
                                           CONFERENCE AND ORDER
13           v.

14  JESUS ZEPEDA LOPEZ,                    Date: June 14, 2023
                                           Time: 1:00 p.m.
15                       Defendant.        Honorable Barbara A. McAuliffe

16

17          The United States of America, by and through PHILLIP A. TALBERT, United States Attorney,

18  and ARIN C. HEINZ, Assistant United States Attorneys, and the defendant, by and through Mr. David

19  Torres, his attorney of record, hereby stipulate to continue the status conference in this case from June

20  14, 2023 until September 13, 2023 at 1:00 p.m.

21          The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

22  "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record

23  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

24  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such

25  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

26  (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit

27  findings on the record "either orally or in writing").

28          Ends-of-justice continuances are excludable only if "the judge granted such continuance on the

basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

This Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between June 14, 2023 and September 13, 2023 for the following reasons:

1. The parties have attempted to resolve this case through a plea. Mr. Torres met with his client multiple times to discuss the terms of the plea agreement and potentially filing a motion to suppress. From these discussions, Mr. Torres has determined that filing a motion to suppress is necessary. Thus, the parties request the following briefing schedule be put in place:

    a). The parties seek to set the hearing on the motion to suppress on August 14, 2023.

    b). The defense will file a motion to suppress no later than July 14, 2023.

    c). The government's opposition will be filed no later than July 31, 2023.

    d). Defendant's reply to the government's opposition, if any, shall be filed no later than August 7, 2023.

2. The parties seek to set a status conference for September 13, 2023 in order to ensure sufficient time for resolution of the motions. The proposed status conference date represents the earliest date that counsel is available thereafter, taking into account counsel's schedule and commitments to other clients, and the need for preparation in the case and further investigation.

The parties further believe that time should be excluded, in that failure to grant the requested

case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny

both the defendants and the government the reasonable time necessary for effective preparation, taking

into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).

Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the

interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial

Act.  Therefore, the parties request that the Court exclude the time until the new hearing date from

calculations under the Speedy Trial Act.

Dated: June 8, 2023

PHILLIP A TALBERT
United States Attorney

/s/ *Arin C. Heinz*
ARIN C. HEINZ
Assistant United States Attorney

DATED:  June 8, 2023

/s/*David Torres*
DAVID TORRES
Attorney for Defendant Jesus Zepeda Lopez

### ORDER

IT IS HEREBY ORDERED that the status conference in this case be continued from June 14,

2023 until **September 13, 2023 at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as

requested outweigh the interest of the public and the defendants in a trial within the original date

prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of

computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must

commence, the time period of May 10, 2023 until June 14, 2023, inclusive, is deemed excludable

pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court

at the parties' request on the basis of the Court's finding that the ends of justice served by taking such

action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **June 8, 2023**

/s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE