1  PHILLIP A. TALBERT
   United States Attorney
2  ARIN C. HEINZ
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                  IN THE UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00099-ADA-BAM |
12 | Plaintiff, | **STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER** |
13 | v. | |
14 | JESUS ZEPEDA LOPEZ, | Date: September 13, 2023
                              Time: 1:00 p.m. |
15 | Defendant. | Honorable Barbara A. McAuliffe |

16

17     The United States of America, by and through PHILLIP A. TALBERT, United States Attorney,

18 and ARIN C. HEINZ, Assistant United States Attorneys, and the defendant, by and through Mr. David

19 Torres, his attorney of record, hereby request to continue the status conference in this case from

20 September 13, 2023 until September 27, 2023 at 1:00 p.m.

21     The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

22 "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record

23 findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-

24 record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such

25 failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

26 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit

27 findings on the record "either orally or in writing").

28     Ends-of-justice continuances are excludable only if "the judge granted such continuance on the

STIPULATION TO CONTINUE STATUS CONFERENCE         1

basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

This Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between September 13, 2023 and September 27, 2023, for the following reasons:

1. The parties are in active plea negotiations to resolve this case. Mr. Torres met with his client multiple times to discuss the terms of the plea agreement and potentially filing a motion to suppress. In order to assess whether to file a motion to suppress, Mr. Torres requested the security camera footage from the defendant's residence that was in state law enforcement custody. The government requested the footage from state authorities and provided the security camera footage to Mr. Torres on July 31, 2023.

2. Mr. Torres reviewed the security camera footage and does not intend to file a motion to suppress. Thereafter, the parties reengaged in plea discussions, with Mr. Torres proposing new terms to the previously offered plea.

3. On September 5, 2023, based on these continued discussions between the parties, the government sent an updated plea offer to Mr. Torres. The parties believe in good faith this case can be resolved through a plea. If the defendant does not accept the plea offer, the parties will be prepared to propose a trial date on September 27, 2023.

4. The parties seek to set a status conference for September 27, 2023 in order to ensure sufficient time for Mr. Torres to present the new plea offer to the defendant. The proposed status conference date represents the earliest date that counsel is available thereafter, taking into account counsel's schedule and commitments to other clients, and

the need for preparation in the case and further investigation.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny both the defendants and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.  Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

Dated: September 6, 2023

PHILLIP A TALBERT
United States Attorney

/s/ *Arin C. Heinz*
ARIN C. HEINZ
Assistant United States Attorney

DATED:  September 6, 2023

/s/*David Torres*
DAVID TORRES
Attorney for Defendant Jesus Zepeda Lopez

# ORDER

IT IS HEREBY ORDERED that the status conference in this case be continued from September 13, 2023, until **September 27, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.** If the parties do not resolve the case in advance of the next status conference, they shall be prepared to set a trial date at the status conference hearing.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 13, 2023 until September 27, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: **September 6, 2023**          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE