PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-CR-00099-ADA-BAM |
| Plaintiff, | **STIPULATION TO VACATE STATUS CONFERENCE AND ORDER** |
| v. | |
| JESUS ZEPEDA LOPEZ, | Date: September 27, 2023<br>Time: 1:00 p.m.<br>Honorable Barbara A. McAuliffe |
| Defendant. | |

The United States of America, by and through PHILLIP A. TALBERT, United States Attorney, and ARIN C. HEINZ, Assistant United States Attorneys, and the defendant, by and through Mr. David Torres, his attorney of record, hereby request to vacate the status conference in this case on September 27, 2023, and schedule a trial for April 23, 2024. The parties further request time be excluded from September 27, 2023, until April 23, 2024.

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

This Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between September 27, 2023, and April 23, 2024, for the following reasons:

1. The parties engaged in active plea negotiations to resolve this case. Mr. Torres met with his client multiple times to discuss the terms of the plea agreement and potentially filing a motion to suppress. In order to assess whether to file a motion to suppress, Mr. Torres requested the security camera footage from the defendant's residence that was in state law enforcement custody. The government requested the footage from state authorities and provided the security camera footage to Mr. Torres on July 31, 2023.

2. Mr. Torres reviewed the security camera footage and decided not to file a motion to suppress. Thereafter, the parties reengaged in plea discussions, and Mr. Torres proposed new terms to the previously offered plea.

3. On September 5, 2023, based on these continued discussions between the parties, the government sent an updated plea offer to Mr. Torres. However, the defendant did not accept the plea offered. Therefore, the parties request that the case be scheduled for trial on April 23, 2024, and a trial confirmation hearing on April 9, 2024.

4. The proposed date represents the earliest date that counsel is available thereafter, taking into account counsel's schedule and commitments to other clients, and the need for preparation in the case for trial, including determining whether expert witnesses are necessary.

1    The parties further believe that time should be excluded, in that failure to grant the requested

2    case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny

3    both the defendants and the government the reasonable time necessary for effective preparation, taking

4    into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).

5    Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the

6    interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial

7    Act.  Therefore, the parties request that the Court exclude the time until the new hearing date from

8    calculations under the Speedy Trial Act.

9    Dated: September 19, 2023                    PHILLIP A TALBERT
10                                                United States Attorney

11                                                 /s/ *Arin C. Heinz*
                                                  ARIN C. HEINZ
12                                                Assistant United States Attorney

13   DATED:  September 19, 2023                  /s/*David Torres*
                                                 DAVID TORRES
14                                               Attorney for Defendant Jesus Zepeda Lopez

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ORDER**

IT IS SO ORDERED that the status conference set for September 27, 2023, is vacated. A jury trial is set for **April 23, 2024, at 8:30 a.m. before District Judge Ana de Alba**. Estimate time of trial is **5 days**. A trial confirmation is set for **April 8, 2024, at 8:30 a.m. before District Judge Ana de Alba**.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 27, 2023 until April 23, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **September 21, 2023**         /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE