UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS ZEPEDA LOPEZ,<br><br>Defendant. | No. 1:20-cr-00099-DAD<br><br>ORDER DENYING DEFENDANT LOPEZ'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2) AND U.S. SENTENCING GUIDELINE AMENDMENTS<br><br>(Doc. No. 112) |

On August 18, 2025, defendant Jesus Zepeda Lopez ("Lopez") filed a *pro se* motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 112.) Specifically, defendant Lopez seeks a reduction of his 131–month term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines ("USSG") and his separate request that a November 2025 Amendment to USSG § 2D1.1 be applied retroactively to his case. (*Id.*) On August 20, 2025, the court referred that motion to the Office of the Federal Defender ("FDO") and provided a deadline for filing supplementation to defendant's *pro se* motion. (Doc. No. 113.) The FDO did not filed a notice of intent to assume representation within the 28-day period provided by the court's order and, accordingly, on October 6, 2025, the government timely filed its opposition to the *pro se* motion. (Doc. No. 114.) Defendant Lopez did not file a reply.

/////

1

Because defendant Lopez is not eligible for the relief he seeks pursuant to § 3582(c)(2), the court will deny his pending motion.

## BACKGROUND

On January 29, 2024, pursuant to a plea agreement, defendant Lopez entered a plea of guilty to possession with the intent to distribute at least 50 grams or more of actual methamphetamine and/or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  (Doc. Nos. 78, 82.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 37 and his criminal history category as I (based on a finding of a criminal history score of 1), resulting in an advisory sentencing guidelines range calling for a term of imprisonment of between 210 and 262.  (Doc. Nos. 85 at 5–7, 10; 85-3.)  There was no recommended adjustment of defendant's offense level based upon either a mitigating or aggravating role in the offense.  (Doc. No. 85 at 6.)  At the sentencing hearing on November 6, 2024, the court adopted those findings as true and correct, but varied significantly downward from the advisory sentencing guideline range and sentenced defendant to a 131-month term in the custody of the U.S. Bureau of Prisons ("BOP") to be followed by 60–month term of supervise release which is to become unsupervised if the defendant is deported.  (Doc. No. 110.)  The court entered judgment on November 14, 2024.  (Doc. No. 111.)  Approximately 9 months later defendant filed the pending motion seeking a reduction of his sentence.  (Doc. No. 112.)   The BOP currently reports defendant's projected release date as being November 16, 2028.

Defendant contends that he is eligible for a sentence reduction based on Part B of Amendment 821.  (Doc. No. 112 at 1–3.)  That provision reduced the offense level for those who had no criminal history points—so-called zero-point offenders—by two points and allowed for a reduction of their sentence if otherwise eligible for that relief.  Defendant also refers to Part A of Amendment 821 which eliminated status points for certain offenders who committed the offense of conviction while under supervision for a prior criminal offense.  (*Id*. at 2.)  Defendant Lopez next suggests that even though he was found to have one criminal history point (Doc. No. 85 at

2

7), the point should be stricken because it was felony conviction for a minor drug trafficking offense and he should be deemed to qualify as a zero-point offender.  (Doc. No. 112 at 2–3.) Finally, defendant argues that he should have been found at the time of sentencing to have played a minor role in the offense and with the downward adjustment in the offense level and a retroactive application of the 2025 amendment to USSG 2D1.1(a)(5) and (e)(2), his offense level should be reduced 31 and his advisory guideline range down to one calling for a sentence of 108–135 months imprisonment and a reduction in his sentence.  (*Id.* at 1-4.).

Below, the court will first address the applicable legal standards before turning to the merits of both of defendant Lopez's motion.

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"  *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United State*s, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.").  "But this general rule is subject to several exceptions."  *United States v Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).  One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2).  *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826).  "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10."  *Id.* (citing *Dillon*, 560 U.S. at 827).  "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by

reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827).  The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

As noted above, defendant Lopez first asserts that he is eligible for a reduction to his sentence based on USSG Amendment 821 (Doc. No. 112), which the court notes was already in effect at the time of his sentencing in this case.  In this regard defendant appears to contend that he is entitled to relief under both Part A (status points) and Part B (zero point offender) of that Amendment.  (*Id.* at 2–3.)  Defendant also suggests that his single criminal history point was for a "minor felony" and should be eliminated, thus rendering him a zero point offender.  (*Id.*)  The government opposes this aspect of defendant's motions, correctly pointing out that defendant is not eligible for relief under Amendment 821, Part A because at the time of his sentencing he was not assessed any status points.  (Doc. No. 114 at 3) (citing Doc. No 85 at ¶¶ 34–36).  Similarly, the government is also correct in contending that defendant is not eligible for relief under Amendment 821, Part B, Subpart 1 as a zero point offender because he had suffered a prior felony conviction for sale or transportation of controlled substances in state court and was determined to have one criminal history point.  (*Id.*)  Finally, defendant has cited no authority in support of his novel argument that this criminal history point should be stricken as a "minor felony" thereby rendering him a zero point offender entitled to relief under Amendment 821.  Nor has the court identified any such authority.  Accordingly, defendant Lopez's motion for a reduction of his sentence based upon application of Amendment 821 to the USSG will be denied.

As noted, defendant also seeks a sentence reduction on the grounds that he should have received a downward adjustment in his offense level at the time of his sentencing because he played a mitigating role in the criminal offense.  (Doc. No. 112 at 2–3.)  At the time of his sentencing defendant was not found to have played a mitigating role in the offense of conviction.  Defendant is not entitled to reconsideration or modification of that sentencing decision.  *See Aruda*, 993 F.3d at 799; *see also Dillon*, 560 U.S. at 819 (2010)); 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011).  Thus, even if the amendment to USSG

4

§ 2D1.1(a) were retroactive, it would not benefit defendant Lopez because he was not found to have played a mitigating role in the offense of conviction in which he was arrested while in the process of selling approximately 60 kilograms of methamphetamine to undercover detectives for $240,000 and a search of his residence revealed substantial evidence of drug trafficking as well as firearms.  (*See* Doc. No. 85 at 3–4.)  Finally, the 2025 amendments to the USSG were not in effect at the time of defendant's sentencing on November 6, 2024, and those amendment are not retroactive. *See United States v. Herrera-Perez*, 16 Cr. 00388-2 (GBD), 2026 WL 1110265, at *2 (S.D.N.Y. Apr. 23, 2026) ("Thus, Amendment 833 is not retroactive and courts in this district have routinely denied motions requesting a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 833.") (citing cases); *United States v. Nunez*,  No. 2:25-cr-00394-MIS, 2026 WL 36101, at *1 (D.N.M. Jan. 6, 2026) ("Amendment 833 is not among the covered amendments listed in § 1B1.10(d) and thus has not been made retroactive by the Sentencing Commission.").

Because defendant Lopez is not entitled to a modification of his sentence based on any amendment to the USSG, the court need not proceed to the second step of the § 3582(c)(2) analysis to consider again the § 3553(a) sentencing factors as to this aspect of his motion.  *Dillon*, 560 U.S. at 826–27.  Defendant Lopez's motion for a sentence reduction will therefore be denied.

## CONCLUSION

For the reasons explained above, defendant Lopez's motion for a reduction of his sentence pursuant to § 3582(c) (Doc. No. 112) is denied in its entirety.  The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated:  **July 7, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE